IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JONATHAN SMITH, | : | CIVIL ACTION NO. 3:16-CV-0741 |
| Inmate No. 2008-01999, | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | (Judge Caputo) |
| | : | (Magistrate Judge Saporito) |
| CPL. LOURIERO, et al., | : | |
| | : | |
| Defendants. | : | |

## **REPORT AND RECOMMENDATION**

Plaintiff, Jonathan Smith ("Smith"), filed the instant *pro se* action pursuant to 28 U.S.C. § 1331 on May 3, 2016. (Doc. 1). At the time of filing, Smith was incarcerated at Lackawanna County Prison, located in Lackawanna County, Pennsylvania. We granted his motion for leave to proceed *in forma pauperis*. (Doc. 2). In his complaint, Smith named as Defendants Cpl. Louriero, Sgt. McCool, Officer Griffiths, Officer Melissa Forsette, Officer McGivern, "County of Lackawanna-Scranton Police Department," and Regional Hospital of Scranton. Smith's complaint did not specify any conduct, wrongful or otherwise, of the named defendants. In fact, the complaint failed to mention any personal involvement of any defendant with any cognizable constitutional claim.

In our order dated June 9, 2016 (Doc. 11), we found that Smith's complaint lacked sufficient allegations as to all named defendants and what these defendants personally did to violate any of plaintiff's constitutional rights. *See generally Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005) ("The Third Circuit has held that a civil rights complaint is adequate where it states the conduct, time, place, and persons responsible."). We ordered Smith to file an amended complaint which he did in a timely fashion on June 23, 2016. (Doc. 12).

Thereafter, Regional Hospital filed a motion to dismiss the amended complaint. (Doc. 16). Smith filed the second amended complaint on August 29, 2016. (Doc. 18). All defendants filed motions to dismiss the second amended complaint together with briefs in support. (Doc. 20; Doc. 21; Doc. 23; Doc. 25). Smith failed to timely file briefs in opposition. *See* L.R. 7.6. By order dated October 4, 2016, we directed Smith to file briefs in opposition to defendants' motions to dismiss on or before October 24, 2016, or else the motions would be deemed unopposed. (Doc. 27). To date, Smith has failed to comply with our order to file opposition briefs, and he did not seek an extension of time. Therefore, we shall deem the motions

unopposed. *See* L.R. 7.6. For the reasons that follow, it is recommended that the motions be granted and the second amended complaint be dismissed for failure to state a claim upon which relief can be granted.

I.    ***Statement of the Case***

In his second amended complaint, Smith alleges that the individual defendants were employed by Lackawanna County and the Scranton Police Department. (Doc. 18 ¶ 1).  On March 12, 2016, Smith alleges that the individual defendants were dispatched to 314 Evans Court, Scranton, Pennsylvania, where Smith was found unconscious and taken into custody without incident. (*Id.* ¶ 2). Smith further alleges that while he was unconscious and unresponsive, he was "physically picked-up while in handcuffs" and moved from the bedroom of the second floor of the premises to the living room on the first floor thereof. (*Id.* ¶ 3). Emergency medical services removed Smith from the premises and transported him to defendant Regional Hospital. While in the emergency room of Regional Hospital, Smith claims he spoke to a female registered nurse and asked to see a doctor. (*Id.* ¶¶ 5,6). He claims that he asked Officer Griffiths and an unnamed female registered nurse if he could speak to a doctor for

medical treatment and both individuals refused his request. (*Id.* ¶ 9).

Thereafter, an unnamed male registered nurse told Smith he was a

"scumbag" and that he would get treatment where he was going. (*Id.* ¶

10). The second amended complaint makes no reference to the

circumstances surrounding the police officers being dispatched to the

premises or whether criminal charges resulted therefrom.

II. ***Legal Standards***

Rule 12 (b)(6) of the Federal Rules of Civil Procedure authorizes a

defendant to move to dismiss for "failure to state a claim upon which relief

is granted." Fed. R. Civ. P. 12(b)(6). "Under Rule 12(b)(6), a motion to

dismiss may be granted only if, accepting all well-pleaded allegations in

the complaint as true and viewing them in the light most favorable to the

plaintiff, a court finds the plaintiff's claims lack facial plausibility."

*Warren Gen. Hosp. v. Amgen, Inc.,* 643 F.3d 77, 84 (3d Cir. 2011) (citing

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007)). Although

the Court must accept the fact allegations in the complaint as true, it is

not compelled to accept "unsupported conclusions and unwarranted

inferences, or a legal conclusion couched as a factual allegation." *Morrow

v. Balaski*, 719 F.3d 160, 165 (3d Cir. 2013) (quoting *Baraka v. McGreevey*,

481 F.3d 187, 195 (3d Cir. 2007)). Under Rule 12(b)(6), the defendant has the burden of showing that no claim has been stated. *Kehr Packages, Inc. v. Fidelcor, Inc.,* 926 F.2d 1406, 1409 (3d Cir. 1991); *Johnsrud v. Carter*, 620 F.2d 29, 32-33 (3d Cir. 1980); *Holocheck v. Luzerne County Head Start, Inc.,* 385 F. Supp. 2d 491, 495 (M.D. Pa. 2005). In deciding the motion, the court may consider the facts alleged on the face of the complaint, as well as "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellab, Inc. v. Makor Issues & Rights, Ltd.,* 551 U.S. 308, 322 (2007).

III. *Discussion*

   A. *Municipal and Individual Defendants*

We have construed Smith's claim against the individual defendants, Lackawanna County and the Scranton Police Department, as a federal civil rights action under 42 U.S.C. § 1983. *See generally Mala v. Crown Bay Masrua, Inc.*, 704 F.3d 193, 198 (3d Cir. 2013)(discussing a court's obligation to liberally construe *pro se* pleadings and other submissions, particularly when dealing with imprisoned *pro se* litigants). Section 1983 provides in pertinent part:

> Every person who, under color of any statute, ordinance, regulation, custom or usage, of any

> State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983. Section 1983 does not create substantive rights, but instead provides remedies for rights established elsewhere. *City of Oklahoma v. Tuttle*, 471 U.S. 808, 816 (1985). To establish a § 1983 claim, the plaintiff must establish that the defendants, acting under color of state law, deprived the plaintiff of a right secured by the United States Constitution. *Mark v. Borough of Hatboro*, 51 F.3d 1137, 1141 (3d Cir. 1995). To avoid dismissal for failure to state a claim, a civil rights complaint must state the conduct, time, place, and persons responsible for the alleged civil rights violations. *Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005).

Here, Smith appears to contend that, while he was in the defendants' custody as an arrestee, he was subjected to the excessive use of force, in violation of his Fourth Amendment rights, and denied necessary medical care, in violations of his Fourteenth Amendment due process rights.

But "[c]ivil rights claims cannot be premised on a theory of *respondeat superior*. Rather, each named defendant must be shown, via the complaint's allegations, to have been personally involved in the events or occurrences which underlie a claim." *Millbrook v. United States*, 8 F. Supp. 3d 601, 613 (M.D. Pa. 2014) (citation omitted). As previously explained by the Third Circuit:

> A defendant in a civil rights action must have personal involvement in the alleged wrongs . . . . [P]ersonal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence. Allegations of participation or actual knowledge and acquiescence, however, must be made with appropriate particularity.

*Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988).

### 1. *Individual Defendants*

With the exception of Officer Griffiths, the second amended complaint fails to allege any personal involvement whatsoever by the individual named defendants. Smith was either unconscious at the time of his arrest and transport to Regional Hospital, or he blacked out and has no recollection of the circumstances of his arrest and transport to the hospital. He alleges that defendants Louriero, McCool, Forsette, McGivern

and Griffiths were dispatched to 314 Evans Court, where Smith was found unconscious and taken into custody without incident. Smith alleges that he was physically picked up while handcuffed and unconscious and moved from one room in the house to another room on a different floor, where emergency medical services checked his medical condition before transporting him to the hospital emergency room.

When Smith woke up in the emergency room, he alleges that he felt "extreme pains" on his right shoulder, arm, wrist, ribs, and leg, and that he had a lump on the back of his head. Smith's ribs and forearm were "black and blue." His right leg and his heart each "felt like it was on fire."

Later, while incarcerated and awaiting criminal proceedings, Smith was treated with medication for an irregular heartbeat. He was informed by prison medical staff that the injury to his right leg, which included burn marks, was caused by a Taser. Smith alleges that he has suffered permanent impairment to his shoulder and right knee as a result of his arrest, and he continues to experience pain in his shoulder and knee.

Based on these facts, Smith asserts that the individual defendants must have used excessive force in restraining and arresting him. "His claims are, essentially, a *res ipsa loquitur* argument that has no place in a case based on § 1983. The fact that an injury occurred while a plaintiff was in police custody does not establish a § 1983 claim; the plaintiff must specifically identify the act that caused his injury." *Curtis v. Hinds Cty.*, No. 3:12CV260LRA, 2014 WL 4773973, at *3 (S.D. Miss. Sept. 24, 2014), *reconsideration denied*, 2015 WL 5712514 (S.D. Miss. Sept. 29, 2015); *see also Rode,* 845 F.2d at 1207 ("Allegations of participation or actual knowledge and acquiescence. . . must be made with appropriate particularity."); *Smith v. Spina,* 477 F.2d 1140, 1143 (3d Cir. 1973) *(r*ejecting *res ipsa loquitur* theory as basis for establishing liability for excessive force in a § 1983 action); *Ash v. Boone Cty.*, Civil Action No. 09-190-DLB, 2011 WL 4431820, at *6 (E.D. Ky. Sept. 22, 2011) ("[I]t is well-settled that *res ipsa loquitur* does not apply to § 1983 excessive force claims, because the standard of care is not negligence."); *cf. Howe v. Town of N. Andover*, 854 F. Supp. 2d 131, 146 (D. Mass 2012) (*"Res ipsa loquitur* is no basis for municipal liability.").

After Smith woke up at the hospital, he alleges that defendant

Griffiths "refused" his request to speak with a doctor, and that, when a nurse began removing IV tubes in preparation for Smith's discharge Griffiths "grabbed" Smith's leg and "sw[u]ng" it off the bed. When Smith inquired into the whereabouts of the personal property he believed to be on his person at the time of arrest, Griffiths told Smith all he had on his possession was Smith's state-issued identification card. There are no allegations in the second amended complaint to suggest any personal involvement in this activity by defendants Louriero, McCool, Forsette, or McGivern.

Accordingly, it is recommended that all claims against defendants Louriero, McCool, Forsette, and McGivern be dismissed for failure to state a claim upon which relief can be granted, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

### 2. *Lackawanna County and Scranton Police Department*

Similarly, Smith has failed to allege sufficient facts to plausibly demonstrate personal involvement by either of the municipal defendants, Lackawanna County and the Scranton Police Department

"On its face, § 1983 makes liable 'every person' who deprives another of civil rights under color of state law." *Burns v. Reid*, 500 U.S.

478, 497 (1991) (Scalia, J., concurring in part and dissenting in part). In *Monell v. Department of Social Services*, 436 U.S. 658 (1978), the Supreme Court of the United States established that municipalities and other local governmental units are included among those "persons" subject to liability under § 1983. *Id.* at 690. Lackawanna County is such a municipality subject to liability as a "person" under § 1983. *See id* at 694; *Mulholland v. Gov't Cty. of Berks*, 706 F.3d 227, 237 (3d Cir. 2013). The Scranton Police Department, however, is not itself a "person" subject to suit under § 1983. *See Garcia v. Cty. of Bucks*, 155 F. Supp. 259, 263 n.4 (E.D. Pa. 2001) (county sheriff's department not subject to suit under § 1983). Instead the Court must treat this action as one against the City of Scranton, rather than its police department. *See Bonenberger v. Plymouth Twp.*, 132 F.3d 20, 25 n.4 (3d Cir. 1997) ("[W]e treat the municipality and its police department as a single, entity for purposes section 1983 liability."). *See generally Mala*, 704 F.3d at 244-46.

"Under *Monell*, a municipality cannot be subjected to liability solely because injuries were inflicted by its agents or employees." *Jiminez v. All American Rathskeller, Inc.*, 503 F.3d 247, 249 (3d Cir. 2007). Rather, a municipality can be liable under § 1983 only if the conduct alleged to be

unconstitutional either "implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers" or is "visited pursuant to governmental 'custom' even though such a custom has not received formal approval through the body's official decision-making channels." *Monell*, 436 U.S. at 690–91. "[I]t is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." *Jiminez*, 503 F.3d at 249. "A plaintiff must identify the challenged policy, attribute it to the [municipality] itself, and show a causal link between execution of the policy and the injury suffered." *Losch v. Borough of Parkesburg*, 736 F.2d 903, 910 (3d Cir. 1984). The complaint in this case does not identify any such policy or custom adopted or promulgated by Lackawanna County, the City of Scranton, or the Scranton Police Department.

Moreover, "a municipality may be liable under section 1983 only if it can be shown that its employees violated a plaintiff's civil rights as a result of a municipal policy or practice." *Williams v. Borough of W. Chester*, 891 F.2d 458, 467 (3d Cir. 1989) (citing *Monell*). However,

regardless of any policy or practice it may have adopted, a municipality cannot be held vicariously liable under *Monell* unless one of its individual employees "is primarily liable under section 1983 itself." *Id.*; *see also City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986) (municipal liability requires an underlying constitutional violation).

Accordingly, it is recommended that all claims against defendants Lackawanna County and the City of Scranton (and its police department) be dismissed for failure to state a claim upon which relief can be granted, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

3. ***Claims Against Officer Griffiths***

Smith appears to assert Fourth Amendment excessive force and Fourteenth Amendment substantive due process claims against defendant Griffiths.

A law enforcement officer's use of excessive force in the course of an arrest constitutes an unlawful "seizure" under the Fourth Amendment, *See Graham v. Connor*, 490 U.S. 386, 394-95 (1989). "A claim for excessive force under the Fourth Amendment requires a plaintiff to show that a seizure occurred and that it was unreasonable." *Curley v. Klem*, 298 F.3d 271, 279 (3d Cir. 2002). To determine whether specific conduct constitutes

excessive force, the court must examine "whether the officers' actions are 'objectively reasonable' in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation." *Graham*, 490 U.S. at 397. The court must examine the use of force from "the perspective of a reasonable officer on the scene," without the benefit of hindsight. *Id.* at 396.

As previously noted, Smith has failed any facts to specifically identify any conduct whatsoever by Griffiths in connection with his arrest and transport to the hospital. Indeed, he is unable to do so because he was allegedly unconscious at the time. The mere fact of his injuries is insufficient to plausibly state an excessive force claim against Officer Griffiths with respect to his arrest and transport to the hospital. *See Rode*, 845 F.2d at 1207; *Smith*, 477 F.2d at 1143; *Curtis,* 2014 WL 4773973, at *3; *Ash*, 2011 WL 4431820, at *6.

The only use of force by Griffiths alleged in the second amended complaint is an allegation that, when a nurse began removing IV tubes from Smith's arm in preparation for his discharge and, presumably, his transport to the county jail, Griffiths "grabbed" Smith's leg and "sw[u]ng" it off the bed. In evaluating an excessive force claim, "[n]ot every push or

shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates the Fourth Amendment." *Graham*, 490 U.S. at 396. The force used must be more than a *de minimus* amount of force for a constitutional claim to arise. *See Ingraham v. Wright*, 430 U.S. 651, 674 (1977); *Nolin v. Isbell*, 207 F.3d 1253, 1257 (11th Cir. 2000) ("[T]he application of *de minimus* force, without more, will not support a claim for excessive force in violation of the Fourth Amendment."); *Altidor v. Commonwealth*, Civil Action No. 14-356, 2016 WL 4203294, at *4 (W.D. Pa. July 1, 2016 (Generally, the force used must rise above the de minimis level in order for a constitutional claim to arise.") (quoting *Nardini v. Hackett*, No. Civ. A 00 5038, 2001 WL 1175130, at *6 (E.D. Pa. Sept. 19, 2001). As alleged in second amended complaint, the force used by Officer Griffiths was minimal and routine, not excessive. *See Nardini*, 2001 WL 1175130, at *6 (finding the grabbing of plaintiff's arm to be *de minimus*); *Garcia*, 155 F. Supp.2d at 264-65 (finding the grabbing of plaintiff's coat and arms to be "minimal and routine" rather than excessive).

Smith also claims that Griffiths violated his Fourteenth Amendment substantive due process rights when Griffiths and the treating nurse both "refused" Smith's request to speak to a doctor prior to his discharge from

the hospital.  As the Third Circuit has summarized:

> Deprivation of medical care to arrestees violates their Fourteenth Amendment right to due process if it constitutes deliberate indifference to medical needs.  To demonstrate deliberate indifference to medical needs, a plaintiff must show "(i) a serious medical need, and (ii) acts or omissions by [arresting] officials that indicate deliberate indifference to that need."

*Gunter v. Twp. of Lumberton*, 535 Fed. App'x 144, 149 (3d Cir. 2013) (citations omitted) (quoting *Natale v. Camden Cty. Corr. Facility*, 318 F. 3d 575, 582 (3d Cir. 2003)).  But non-medical officials such as Griffiths cannot be considered deliberately indifferent to the serious medical needs of an arrestee already being treated by medical personnel, or if, as non-physicians, they defer to the medical judgment of the arrestee's treating medical staff.  *See Durmer v. O'Carroll*, 991 F.2d 64, 69 (3d Cir. 1993); *Junne v. Atl. City Med. Ctr.*, Civil Action No. 07-5262 (RMB), 2008 WL 1901111, at *15 & n.4 (D.N.J. Apr. 25, 2008). "If [an arrestee] is under the care of medical experts . . . a non-medical [police officer] will generally be justified in believing that the [arrestee] is in capable hands."  *Spruill v. Gillis*, 372 F. 3d 218, 236 (3d Cir. 2004); *Junne*, 2008 WL 1901111, at *15 & n.4. "[A]bsent reason to believe (or actual knowledge) that [treating] doctors or their assistants are mistreating (or not treating)[an arrestee],

a non-medical [police officer] . . . will not be chargeable with the . . . scienter requirement of deliberate indifference." *Spruill*, 372 F.3d at 236. No such knowledge or reason to believe is alleged in the second amended complaint.

Accordingly, it is recommended that all claims against defendant Griffiths be dismissed for failure to state a claim upon which relief can be granted, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

B.   ***Regional Hospital***

1.   ***Federal Civil Rights Claims***

Smith has named Regional Hospital as a defendant in this case as well. But Regional Hospital is not a state actor and thus not subject to § 1983 liability.

> A medical practitioner's knowledge that his/her patient is a arrestee needed for a criminal investigation does not transform the doctor into a governmental official: otherwise, every doctor attending to a patient who is either handcuffed or accompanied by police officers would become a state officer. Similarly, the fact that a doctor expresses his/her opinion that the arrestee will receive the needed medical treatment in prison cannot transform the doctor in to a governmental entity; indeed it is logical for a medical practitioner to have faith in [the] state's prison system and its medical personnel.

*Junne*, 2008 WL 1901111, at *9; *see also Rosario v. Washington Mem'l Hosp.*, Civil Action No. 12-1799, 2013 WL 2158584, at *3 (W.D. Pa. May 17, 2013).

Accordingly, it is recommended that all federal civil rights claims against defendant Regional Hospital of Scranton be dismissed for failure to state a claim upon which relief can be granted, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

### 2. *State-Law Tort Claims*

Based on its motion papers, Regional Hospital has construed Smith's second amended complaint as asserting state-law tort claims against it. But where a district court has dismissed all claims over which it has original jurisdiction, the Court may decline to exercise supplemental jurisdiction over state law claims. *See* 28 U.S.C. § 1367(c)(3). Whether the Court will exercise supplemental jurisdiction is within its discretion. *Kach v. Hose*, 589 F.3d 626, 650 (3d Cir. 2009). That decision should be based on "the values of judicial economy, convenience, fairness, and comity." *Carnegie Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988). Ordinarily, when all federal claims have been dismissed and only state-law claims remain, the balance of these factors indicates that these

remaining claims properly belong in state court. *Id.* at 350. Finding nothing in the record to distinguish this case from the ordinary one, the balance of factors in this case "point[s] toward declining to exercise jurisdiction over the remaining state law claims." *See id.* at 350 n.7. Therefore, it is recommended that any state-law tort claims raised in the second amended complaint be dismissed without prejudice pursuant to 28 U.S.C. § 1367(c)(3).

D.   ***Leave to Amend***

The Third Circuit has instructed that if a civil rights complaint is vulnerable to dismissal for failure to state a claim, the district court must permit a curative amendment, unless an amendment would be inequitable or futile, *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002). This instruction applies equally to *pro se* plaintiffs and those represented by counsel. *Alston v. Parker*, 363 F.3d 229, 235 (3d Cir. 2004). In this case, it is clear from the facts alleged in the second amended complaint that further amendment would be futile with respect to the claims recommended for dismissal. It is therefore recommended that these claims be dismissed without leave to amend.

## IV. Recommendation

Accordingly, IT IS HEREBY RECOMMENDED THAT:

1.    The motions to dismiss (Doc. 20; Doc. 23) be GRANTED;

2.    All of the plaintiffs federal civil rights claims be DISMISSED for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6);

3.    Any state-law claims be DISMISSED without prejudice pursuant to 28 U.S.C. § 1367(c)(6); and

4.    The clerk be directed to <u>close</u> this case.

*s/ Joseph F. Saporito, Jr.*
JOSEPH F. SAPORITO, JR.
United States Magistrate Judge

Dated: June 9, 2017

# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JONATHAN SMITH, | : | CIVIL ACTION NO. 3:16-CV-0741 |
| Inmate No. 2008-01999, | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | (Judge Caputo) |
| | : | (Magistrate Judge Saporito) |
| CPL. LOURIERO, et al., | : | |
| | : | |
| Defendants. | : | |

## NOTICE

NOTICE IS HEREBY GIVEN that the undersigned has entered the foregoing Report and Recommendation dated June 9, 2017.

Any party may obtain a review of the Report and Recommendation pursuant to Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636(b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a de novo determination of those portions of the report or

specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Failure to file timely objections to the foregoing Report and Recommendation may constitute wavier of any appellate rights.

<u>**s/ Joseph F. Saporito, Jr.**</u>
JOSEPH F. SAPORITO, JR.
United States Magistrate Judge

Dated: June 9, 2017